**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JOHN DAVID SHOCKLEY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No. 3:06-CV-0223-K** |
| **v.** | § | |
| | § | |
| **UNIVERSITY OF TEXAS MEDICAL** | § | |
| **BRANCH, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, & RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to Special Order No. 3-251, this case was referred by the District Court to this Court for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations to the District Court on dispositive motions. Before the Court is *Defendant Judd's Motion for Partial Dismissal*, filed March 5, 2007. Plaintiff did not file a response.

Based on the pleadings and the applicable law, the Court **RECOMMENDS** that *Defendant Judd's Motion for Partial Dismissal* be **GRANTED**, that Plaintiff's claims for monetary damages against Defendant Kathryn Judd in her official capacity be **DISMISSED** without prejudice, and that Plaintiff's claims for injunctive relief be **DISMISSED** without prejudice**.**

**I.  BACKGROUND**

Plaintiff John David Shockley ("Plaintiff") filed this suit under 42 U.S.C. § 1983 against University of Texas Medical Branch, Dr. Steven Bowers, Dr. Joe Oliver, Dr. James Holbrook,

Kathryn Judd, Kathy Finch, Lupe Valdez, and Edgar McMillan.  (Compl. at 1.)  Plaintiff

contends that while he was a pre-trial detainee in the Dallas County Jail, the defendants violated

his rights under the Fourteenth Amendment by denying him adequate medical care.  (Compl. at

13.)  Specifically with regard to Defendant Kathryn Judd, a University of Texas Medical

Branch–Correctional Managed Care ("UTMB") employee, Plaintiff contends that she was

deliberately indifferent to his need for adequate psychiatric care at the Dallas County Jail.

(Compl. at 13-14.)  Plaintiff seeks both monetary damages and injunctive relief.  (Compl. at 14.)

## II.  ANALYSIS

Defendant Judd moves for partial dismissal  ("Mot.") on the grounds that Plaintiff's

claims for monetary relief against her in her official capacity[1] are barred by the Eleventh

Amendment, and that claims for injunctive relief are rendered moot by Plaintiff's transfer out of

the Dallas County Jail.  (Mot. at 2.)

Defendant Judd fails to state the basis for her motion to dismiss.  As more fully discussed

below, assertions of Eleventh Amendment immunity and mootness challenge a court's

jurisdiction.  Accordingly, the Court construes Defendant's motion as a motion to dismiss for

lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

### A.      Standard of Review

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject matter

jurisdiction.  Federal courts are courts of limited jurisdiction; without jurisdiction conferred by

---

[1] The Court construes Defendant's motion as seeking dismissal of Plaintiff's claims to "the extent that he seeks such claims against Defendant Judd in her *official* capacity."  Although Defendant at times asks for dismissal of "all claims against her in their entirety," (Mot. at 2), this construction is consistent with the substance of the motion as well as its title (*Defendant Judd's Motion for Partial Dismissal*) and subheadings ("Motion for Partial Dismissal"), (Mot. at 1-2).

statute, they lack the power to adjudicate claims.  *See Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998).  Under Rule 12(b)(1), a claim is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim.  *Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

The Fifth Circuit recognizes a distinction between a "facial attack" and a "factual attack" upon a complaint's subject matter jurisdiction.  *See Rodriguez v. Tex. Comm'n on the Arts*, 992 F. Supp. 876, 878 (N.D. Tex. 1998).  "A facial attack requires the court merely to decide if the plaintiff has correctly alleged a basis for subject matter jurisdiction" by examining the allegations in the complaint, which are presumed to be true.  *See id.* (citation omitted).  A facial attack usually occurs early in the proceedings and directs the court's attention only to "the sufficiency of the allegations in the complaint because they are presumed to be true."  *Patterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1998).  If sufficient, those allegations alone provide jurisdiction.  However, if the defendant supports the motion with evidence, then the attack is factual, and "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."  *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).  In a factual attack, matters outside the pleadings, such as testimony and affidavits, may be considered.  *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).  Moreover, a factual attack may occur at any stage of the proceedings.  *Id.*

Regardless of the nature of the attack, "[t]he plaintiff constantly bears the burden of proof that jurisdiction does in fact exist."  *Rodriguez*, 992 F. Supp. at 879.  "A case is properly

dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders*, 143 F.3d at 1010 (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)).

Defendant Judd's Eleventh Amendment argument is a facial attack, requiring that the Court merely examine Plaintiff's allegations in the complaint. *See Rodriguez*, 992 F. Supp. at 878. Thus, when examining Defendant Judd's Eleventh Amendment argument, Plaintiff's allegations in the complaint will be presumed true. *See id.* Defendant Judd's mootness contention is a factual attack, requiring the Court to look to matters outside the pleadings. *See Menchaca*, 613 F.2d at 511. Accordingly, no presumption of truth attaches to Plaintiff's factual allegations concerning mootness. *See Williamson*, 645 F.2d at 412.

## B.      Eleventh Amendment Immunity[2]

Defendant Judd moves to dismiss Plaintiff's § 1983 claims for monetary damages against Defendant in her official capacity on the grounds that such claims are barred by the Eleventh Amendment. (Mot. at 2.)

Eleventh Amendment immunity has a jurisdictional effect; it deprives a federal court of jurisdiction to hear a suit against a state. *See Warnock v. Pecos County, Tex.*, 88 F.3d 341, 342 (5th Cir. 1996); *see also United States v. Tex. Tech Univ.*, 171 F.3d 279, 286 n.9 (5th Cir. 1999) ("While the Supreme Court has left this question open, our court has repeatedly referred to the Eleventh Amendment's restriction in terms of subject matter jurisdiction."); *Stokes v. Scott*, No. Civ.A.398CV1140L, 2000 WL 343185, at *1 (N.D. Tex. Mar. 31, 2000) (dismissing claim for

---

[2] The Eleventh Amendment reads: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI.

lack of jurisdiction under Rule 12(b)(1) as barred by the Eleventh Amendment).  This immunity extends to suits for monetary damages against state officials in their official capacity.  *See Buckhannon Bd. and Care Home, Inc. v. W. Va. Dept. of Health & Human Res.*, 532 U.S. 598, 609 n.10 (2001) ("Only States and state officers acting in their official capacity are immune from suits for damages in federal court.").  But an action in federal court under § 1983 brought against a state official in his/her *individual* capacity, rather than his/her official capacity, is not barred by the Eleventh Amendment.  *Hafer v. Melo*, 502 U.S. 21 (1991).

In this case, to the extent that Plaintiff's § 1983 claims against Defendant arise out of her *official* actions as an employee of UTMB, Plaintiff's claims are against Defendant in her official capacity.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).  A § 1983 suit against a government official in his/her official capacity is treated as a suit against the entity for whom the official works.  *See Greer v. Tran*, No. Civ.A.02-3145, 2003 WL 21467558, at *2 (E.D. La. June 23, 2003) (citing *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985), and *Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir. 1996)).  As a state governmental entity, "UTMB is immune from suit under the Eleventh Amendment."  *Sampson v. United States,* 73 Fed. Appx. 48, 49 (5th Cir. 2003).

Because any claims against Defendant Judd in her official capacity are considered claims against UTMB, and UTMB is immune from suit under the Eleventh Amendment, Plaintiff's claims for monetary damages against Defendant Judd  in her official capacity are barred by Eleventh Amendment immunity, and the Court lacks subject matter jurisdiction over those claims.  When a court finds that Eleventh Amendment immunity applies, the court must dismiss the barred claims without prejudice.  *Warnock*, 88 F.3d at 343.  Thus, Plaintiff's claims for

monetary damages against Defendant in Defendant's official capacity should be dismissed without prejudice pursuant to Rule 12(b)(1).  *See id.*; *see also Tex. Tech*, 171 F.3d at 286 n.9.

**C.     Mootness**

Defendant Judd also moves to dismiss Plaintiff's claims for injunctive relief on grounds that such claims are moot because Plaintiff is no longer incarcerated in the Dallas County Jail. (Mot. at 2.)

The argument that a claim is moot also challenges a court's jurisdiction.  *See Eddins v. Excelsior Ind. Sch. Dist.*, 88 F. Supp. 695, 701 (E.D. Tex. 2000) (citing U.S. Const. art. III and *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990)).  *See also Thompson v. United States*, No. 3:06-CV-2144-D (BH), 2007 WL 1412308, at *3 (N.D. Tex. April 19, 2007)(a motion to dismiss on the grounds that a claim is moot may be brought under Rule 12(b)(1) for lack of subject matter jurisdiction).   A case becomes moot if it "no longer present[s] a case or controversy under Article III, § 2 of the Constitution."  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Under the case or controversy requirement, "[t]he parties must continue to have a 'personal stake in the outcome' of the lawsuit."  *Id.* (citing *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472 (1990)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'"  *Id.*

In seeking injunctive relief, it appears that Plaintiff wants to correct the policies and practices of Dallas County Jail.  (Compl. at 14.)  Plaintiff, however, is no longer incarcerated in the Dallas County Jail.  (Feb. 7, 2007 Notice to the Court of Change of Address.)  "Therefore, any claims for injunctive relief to correct procedures and practices at that facility are moot."  *See*

*Edwards v. Johnson*, 209 F.3d 772, 776 (5th Cir. 2000); *accord Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (finding that request for injunctive and declaratory relief becomes moot when inmate leaves the complained-of prison facility, and "[a]ny suggestion of relief based on the possibility of transfer back to the [facility] is too speculative to warrant relief).

Because Plaintiff's claims for injunctive relief under § 1983 are moot, the Court lacks subject matter jurisdiction.  Thus, Plaintiff's claims for injunctive relief should be dismissed without prejudice pursuant to Rule 12(b)(1).

## III.  RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that *Defendant Judd's Motion for Partial Dismissal* be **GRANTED,** that Plaintiff's claims against Defendant Judd in her official capacity be **DISMISSED** without prejudice, and that Plaintiff's claims for injunctive relief be **DISMISSED** without prejudice.

**SO RECOMMENDED** on this 12th day of June 2007.

**IRMA CARRILLO RAMIREZ**
**UNITED STATES MAGISTRATE JUDGE**

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings and recommendation on all parties by mailing a copy to each of them.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings and recommendation must file and serve written objections within ten (10) days after being served with a copy.  A party filing objections must specifically identify those findings or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings, legal conclusions, and recommendation of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto  Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE