IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN DAVID SHOCKLEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:06-CV-0223-K |
| v. | § | |
| | § | |
| UNIVERSITY OF TEXAS MEDICAL | § | |
| BRANCH, et al., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, & RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to Special Order No. 3-251, this case was referred by the District Court to this Court for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations to the District Court on dispositive motions. Before the Court is *Defendant Oliver's Motion to Dismiss* ("Mot."), filed July 23, 2007. Plaintiff did not file a response. Based on the pleadings and the applicable law, the Court recommends that Defendant's motion to dismiss be **GRANTED**.

**I. BACKGROUND**

Plaintiff John David Shockley ("Plaintiff") filed this suit under 42 U.S.C. § 1983 against Defendants, University of Texas Medical Branch, Dr. Steven Bowers, Dr. Joe Oliver, Dr. James Holbrook, Kathryn Judd, Kathy Finch, Lupe Valdez, and Edgar McMillan. (Compl. at 1.). Plaintiff sues all the named Defendants, except Kathy Finch, in an individual, as well as official capacity. (*Id.*). Plaintiff contends that while he was a pre-trial detainee in the Dallas County Jail, the defendants violated his rights under the Fourteenth Amendment by denying him

adequate medical care. (Compl. at 13.) Specifically with regard to Defendant Dr. Joe Oliver, a University of Texas Medical Branch–Correctional Managed Care ("UTMB") employee, Plaintiff contends that he was deliberately indifferent to his need for adequate psychiatric care at the Dallas County Jail. (Compl. at 13.) Plaintiff seeks both monetary damages and injunctive relief. (Compl. at 14.)

## II. RULE 12(b)(1) MOTION TO DISMISS

Defendant Oliver moves pursuant to Rule 12(b) for dismissal with prejudice of Plaintiff's official-capacity claims against him on grounds of Eleventh Amendment immunity. (Mot. at 5). "[O]nce a court finds that Eleventh Amendment immunity applies, the barred claims 'can be dismissed only under Rule 12(b)(1) and not with prejudice.'" *Chalmers v. Lane*, No. Civ. A. 3:03CV1268-BH, 2003 WL 23109794, at * 2 (N.D. Tex. Dec. 23, 2003) (quoting *Warnock v. Pecos County, Tex.*, 88 F.3d 341, 342-43 (5th Cir. 1996). Accordingly, the Court construes Defendant's motion to dismiss the official capacity claims against him on grounds of Eleventh Amendment immunity as having been brought under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

### A.     Standard of Review

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a federal court's subject matter jurisdiction. *See* FED. R. CIV. P. 12(b)(1). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests

on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam)). Considering rule 12(b)(1) motions first "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.* When the court dismisses for lack of subject matter jurisdiction, that dismissal "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id.*

The Fifth Circuit recognizes a distinction between a "facial attack" and a "factual attack" upon a complaint's subject matter jurisdiction. *Rodriguez v. Tex. Comm'n on the Arts*, 992 F. Supp. 876, 878 (N.D. Tex. 1998). "A facial attack requires the court merely to decide if the plaintiff has correctly alleged a basis for subject matter jurisdiction" by examining the allegations in the complaint, which are presumed to be true. *Id.* (citation omitted). If the defendant supports the motion with evidence, however, then the attack is "factual" and "no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). Regardless of the attack, "[t]he plaintiff constantly bears the burden of proof that jurisdiction does exist." *Rodriguez*, 992 F. Supp. at 879 ("The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction.") (citations omitted).

In this case, Defendant Oliver does not support his motion with evidence, but rather argues that the law does not confer subject matter jurisdiction over Plaintiff's official-capacity claims. Because this is a facial attack, deciding the issues raised by the parties does not require the Court's resolution of disputed factual matters outside the pleadings. Accordingly, all of Plaintiff's factual allegations will be accepted as true. *See Williamson*, 645 F. 2d at 412.

**B.      Eleventh Amendment Immunity**

Defendant Oliver asserts that he is entitled to dismissal of Plaintiff's claims against him in his official capacity on the basis of Eleventh Amendment immunity. (Mot. at 4-5). The Eleventh Amendment provides: "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. "This withdrawal of jurisdiction effectively confers an immunity from suit." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). Stated simply, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974).

"A suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such it is no different from a suit against the state itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Eleventh Amendment immunity extends to suits for monetary damages against state officials in their official capacity. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 609 n.10 (2001) ("Only States and state officers acting in their official capacity are immune from suits for damages in federal court."). Nevertheless, Congress

has the power to abrogate that immunity through the Fourteenth Amendment, *Kimel v. Florida Bd. of Regents,* 528 U.S. 62, 72- 76 (2000), or, the State may waive its immunity by consenting to suit. *AT&T Communications v. BellSouth Telecommunications Inc.,* 238 F.3d 636, 643 (5th Cir. 2001). "Additionally, the Supreme Court has for nearly a century allowed suits against state officials for prospective injunctive relief to end a continuing violation of federal law under the doctrine of *Ex parte Young,* 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908)." *AT&T Communications,* 238 F.3d at 643.

Plaintiff concedes Defendant Oliver was an employee of UTMB. (*See* Compl. at 1). Accordingly, Plaintiff's official-capacity claims against Defendant Oliver are treated as claims brought against the state agency that employs him, *i.e.*, UTMB. UTMB, however, is protected from suit by sovereign immunity under the Eleventh Amendment to the United States Constitution. *See United States v. Texas Tech Univ.*, 171 F.3d 279, 289 (5th Cir. 1999) (holding that Eleventh Amendment protects Texas Tech University and its medical branch); *Sampson v. United States*, 73 Fed. App'x 48, 49 (5th Cir. 2003) (per curiam) (recognizing that the University of Texas Medical Branch "is immune from suit under the Eleventh Amendment"); *Miller v. Bunce*, 60 F. Supp. 2d 620, 624 (S.D. Tex. 1999) (holding that University of Texas is protected by Eleventh Amendment immunity).

In this instance, Plaintiff has only one viable claim for relief—monetary damages. (Compl. at 14). To the extent, Plaintiff also sought prospective injunctive relief against any state officials, such relief was rendered moot when Plaintiff was transferred out of the Dallas County Jail. *See* Doc. No. 27 (3:06-CV-0223-K) (N.D. Tex. Feb. 7, 2007) (plaintiff's notice of change of address indicating transfer to Michael Unit of the Texas Department of Criminal Justice); *see*

*also Edwards v. Johnson*, 209 F.3d 772, 776 (5th Cir. 2000); *accord Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (finding that request for injunctive and declaratory relief becomes moot when inmate leaves the complained-of prison facility, and "[a]ny suggestion of relief based on the possibility of transfer back to the [facility] is too speculative to warrant relief"). Further, the State has not waived its immunity by consenting to suit, nor has Congress abrogated the Eleventh Amendment immunity by enacting 42 U.S.C. § 1983. *See Will*, 491 U.S. at 71 (holding that States are not persons subject to suit under § 1983, because of the Eleventh Amendment). For all of these reasons, any claim against Defendant Oliver in an official capacity would be barred by Eleventh Amendment immunity. Thus, the Court recommends that Defendant Oliver's motion to dismiss Plaintiff's claims against him in an official capacity be granted.

## III. RULE 12(b)(6) MOTION

Defendant Oliver also moves to dismiss Plaintiff's individual-capacity claims against him on the grounds that he fails to state a claim upon which relief can be granted. (Mot. at 2).

**A.     Legal Standard**

Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted. *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 725 (5th Cir. 2002). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996). It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore,* 636 F.2d 986, 988 (5th Cir. 1981). However, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-plead facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-plead facts as true

and view them in the light most favorable to the plaintiff. *Baker,* 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and that a recovery is very remote and unlikely." *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007). A plaintiff is required, however, to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* In short, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

**B.     No Personal Involvement**

Defendant Oliver argues that Plaintiff has failed to plead § 1983 claim against him because he has not alleged that Defendant Oliver was personally involved in the deprivation of any constitutional rights. (Mot. at 3).

Section 1983 provides a federal cause of action and affords redress for the "deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999).

Plaintiff sues Defendant Oliver because he was the "head of psychiatry" yet never treated him for his mental disorder. (Compl. at 6). Plaintiff further admits that he was instead seen by Kathryn Judd. (*Id.* at 6, 10). In order to prevail against a supervisor such as Defendant Oliver under 42 U.S.C. § 1983, Plaintiff must show that (1) the supervisor's conduct directly caused a

constitutional violation, or (2) the supervisor was "deliberately indifferent" to a violation of a constitutional right. *Breaux v. City of Garland*, 205 F.3d 150, 161 (5th Cir. 2000). The acts of a subordinate "trigger no individual § 1983 liability." *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999). There must be some showing of personal involvement by a particular individual defendant to prevail against such individual. *Id.*; *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983).

In this case, Plaintiff concedes Defendant Oliver was not personally involved in his psychiatric treatment at the Dallas County Jail. (Compl. at 6). Plaintiff makes no allegations that Defendant Oliver directly caused the alleged constitutional violations, or that he was deliberately indifferent to a violation of plaintiff's constitutional rights. Plaintiff identifies no specific incident or causative link between his claims and conduct on the part of Defendant Oliver. He makes no allegations of any policy that impinged his constitutional or federally protected rights. Plaintiff's claims against Defendant Oliver are based merely on his supervisory role as Psychiatric Director at the Dallas County Jail. (*See* Compl. at 1). Consequently, such claims should be dismissed.

## IV. RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that *Defendant Oliver's Motion to Dismiss* (Doc. #50) be **GRANTED,** that Plaintiff's claims against Defendant Oliver in his official capacity be **DISMISSED** without prejudice, and that Plaintiff's claims against Defendant Oliver in an individual capacity be **DISMISSED** with prejudice.

**SO RECOMMENDED** on this 20th day of September 2007.

_____
**IRMA CARRILLO RAMIREZ**
**UNITED STATES MAGISTRATE JUDGE**

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings and recommendation on all parties by mailing a copy to each of them. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings and recommendation must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings, legal conclusions, and recommendation of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE