IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN DAVID SHOCKLEY, § | | |
| Plaintiff, § | | |
| § | Civil Action No. 3:06-CV-0223-K | |
| v. § | | |
| § | | |
| UNIVERSITY OF TEXAS MEDICAL § | | |
| BRANCH, et al., § | | |
| Defendants. § | Pretrial Management | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Court's *Standing Order of Reference*, filed October 11, 2006, this case was referred to this Court for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations to the District Court on dispositive motions. Before the Court is a *Motion to Dismiss* filed by Defendant University of Texas Medical Branch (UTMB) on October 22, 2007. Plaintiff has responded to the motion by filing a *Brief Containing Citations and Relevant Authorities* (hereinafter referred to as Response). UTMB has filed no reply to the response.

Based on the motion, responsive filings, and applicable law, the Court recommends that the motion to dismiss be **GRANTED**.

**I. BACKGROUND**

Plaintiff John David Shockley (Plaintiff), a former inmate in the Dallas County Jail and current inmate in the Texas prison system, filed this suit under 42 U.S.C. § 1983 against Defendants UTMB, employees of UTMB, and others for alleged deprivation of adequate medical care while he was housed in the Dallas County Jail. UTMB has responded to the suit with the instant motion to dismiss.

## II. MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant UTMB moves to dismiss all claims asserted against it. It argues that the Eleventh Amendment provides immunity from Plaintiff's claims.

### A. **Standard of Review**

Motions to dismiss under Fed. R. Civ. P. 12(b)(6) are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). However, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-plead facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-plead facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* The alleged facts must "raise a right to relief above the speculative level." *Id.* In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

**B. Eleventh Amendment Immunity**

UTMB seeks dismissal of Plaintiff's claims asserted under 42 U.S.C. § 1983 on grounds that the Eleventh Amendment shields it from liability.

The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." "This withdrawal of jurisdiction effectively confers an immunity from suit." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). Stated simply, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Although Congress has the power to abrogate that immunity through the Fourteenth Amendment, *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72-76 (2000), and the State may waive its immunity by consenting to suit, *AT&T Commc'ns v. BellSouth Telecomm. Inc.*, 238 F.3d 636, 643 (5th Cir. 2001), the State has not waived its immunity by consenting to suit nor has Congress abrogated the Eleventh Amendment immunity by enacting 42 U.S.C. § 1983, *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

UTMB, as an arm of the State of Texas, is protected by sovereign immunity under the Eleventh Amendment. *See United States v. Tex. Tech Univ.*, 171 F.3d 279, 289 (5th Cir. 1999) (holding that the Eleventh Amendment protects Texas Tech University and its medical branch); *Miller v. Bunce*, 60 F. Supp. 2d 620, 624 (S.D. Tex. 1999) (holding that University of Texas is protected by Eleventh Amendment). Consequently, Plaintiff may not pursue his § 1983 claims against UTMB.

In response to the motion to dismiss, Plaintiff contends that he has shown that UTMB and its employees have violated his constitutional right to receive adequate medical care. He further contends that he may pursue prospective injunctive relief against the individual UTMB officials that he names in this action.

While the Supreme Court has permitted suits against state officials for prospective injunctive relief, *see Ex parte Young*, 209 U.S. 123 (1908), the instant motion is filed by UTMB itself, not any state official of such entity. *Ex Parte Young* provides no relevant exception to Eleventh Amendment immunity accorded Defendant UTMB. Additionally, as previously noted in this case, any claim of prospective injunctive relief was rendered moot by Plaintiff's transfer from the Dallas County Jail. *See Shockley v. Univ. of Tex. Med. Branch*, No. 3:06-CV-0223-K, 2007 WL 2948346, at *4 (N.D. Tex. Oct. 9, 2007) (order of District Court adopting findings, conclusions, and recommendation).

For all of these reasons, UTMB's motion to dismiss Plaintiff's claims against it should be granted and the action dismissed as to defendant UTMB.

### III. RECOMMENDATION

For the reasons stated herein, the Court should **GRANT** Defendant UTMB's motion to dismiss (doc. 73) because UTMB is protected from Plaintiff's claims under 42 U.S.C. § 1983 by Eleventh Amendment immunity. Accordingly, UTMB should be dismissed from this action.

**SO RECOMMENDED on this 23rd day of January, 2008.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings and recommendation on all parties by mailing a copy to each of them. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings, legal conclusions, and recommendation of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE