IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN DAVID SHOCKLEY, § | | |
| Plaintiff, § | | |
| § | Civil Action No. 3:06-CV-0223-K | |
| v. § | | |
| § | | |
| UNIVERSITY OF TEXAS MEDICAL § | | |
| BRANCH, et al., § | | |
| Defendants. § | Pretrial Management | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to Special Order No. 3-251, the District Court referred this case for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations to the District Court on dispositive motions. Before the Court is *Defendants UTMB, Bowers, Holbrook, and Judd's Motion for Summary Judgment* (hereinafter MSJ).

Based on the relevant filings and applicable law, the Court recommends that Defendants' motion for summary judgment be **GRANTED**.

**I. BACKGROUND**

On or about February 3, 2006, Plaintiff John David Shockley (Plaintiff), a former inmate in the Dallas County Jail ("the Jail") and current inmate in the Texas prison system, filed this suit under 42 U.S.C. § 1983 against Defendants University of Texas Medical Branch ("UTMB"), Stevens Bowers ("Bowers"), James Holbrook ("Holbrook"), and Catherine Judd ("Judd") (collectively referred to as "Defendants" or the "UTMB Defendants" for purposes of this recommendation) for alleged denial of adequate psychiatric and medical care while he was housed in the Jail as a pretrial detainee. (Compl. at 1-15.) He sues the individual UTMB Defendants in their individual as well as official capacities. (*Id.* at 1.)

Plaintiff alleges that when he arrived at the Jail on or about October 21, 2005, he had pre-existing injuries to his back, neck, and left shoulder. (*See* Compl. at 7-8.) He also allegedly suffered from a depressive-manic disorder. (*See id.* at 4.) In his three-count complaint, he characterizes the denial of adequate psychiatric and medical care as violating his rights under the Due Process Clause of the Fourteenth Amendment. (*See id.* at 13.) According to Plaintiff, UTMB and its staff (Defendants Bowers and Holbrook) have known about his preexisting injuries since October 2005, but have failed to treat them. (*See id.* at 4-8.) Plaintiff's claim against Defendant Judd is premised on an alleged failure to adequately treat his mental disorder caused by only seeing him once and cutting off his medication for ten days between December 1 and 10, 2005. (*Id.* at 4, 6-7, 10.) He asserts that UTMB is responsible for the medical and psychiatric care at the Jail and claims that UTMB has failed to implement an adequate policy to request medical, psychiatric, and safety care. (*Id.* at 3, 5, 7.) He seeks injunctive and monetary relief. (*Id.* at 14.)

On October 30, 2007, the UTMB Defendants filed the instant motion for summary judgment. On November 2, 2007, they filed an amended brief in support.[1] Plaintiff has filed no response to the motion for summary judgment.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[T]he substantive law will identify which facts are material."

---

[1] By orders dated July 1, 2007; December 2, 2007; and February 18, 2008, the District Court dismissed Plaintiff's official capacity claims and claims for injunctive relief against Defendant Judd, the individual capacity claims against Defendant Holbrook, and all claims against UTMB. Accordingly, although these claims are also subjects of the instant motion, the Court need not address them. Remaining for consideration are individual capacity claims against Defendants Judd and Bowers, and official capacity claims and claims for injunctive relief against Defendants Bowers and Holbrook.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id*. The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The pleadings, discovery and disclosure materials on file, and affidavits, if any, must demonstrate that no genuine issue of material fact exists. Fed. R. Civ. P. 56(c).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324. To carry this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his favor. *Anderson*, 477 U.S. at 249.

While all of the evidence must be viewed in a light most favorable to the motion's opponent, *id*. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions will satisfy the non-movant's summary judgment burden, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to his case and as to which he will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

Generally, the courts liberally construe the pleadings of a *pro se* plaintiff. *See*, *e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir.1981); *Martin v. United States Post Office*, 752 F. Supp. 213, 218 (N.D. Tex. 1990). However, the courts have no obligation under Fed. R. Civ. P. 56 "to sift through the record in search of evidence to support a party's opposition to summary judgment." *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)). Instead, a party opposing summary judgment must "identify specific evidence in the record" that supports the challenged claims and "articulate the precise manner in which that evidence supports [a challenged] claim." *Ragas*, 136 F.3d at 458 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)).

In this instance, Plaintiff has not responded to the instant motion for summary judgment. While such failure does not permit the court to enter a "default" summary judgment, it does allow the court to accept the evidence proffered by Defendants as undisputed. *See Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990). Additionally, because Defendants have pointed to an absence of evidence to support Plaintiff's claims (*see* Am. Br. at 13-14), Plaintiff must produce evidence that creates a genuine issue of material fact. "A summary judgment non-movant who does not respond to the motion is relegated to [his or] her unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996).

### III.  42 U.S.C. § 1983

Defendants move for summary judgment on Plaintiff's claims that they violated his constitutional rights while he was a pretrial detainee in the Dallas County Jail in violation of 42 U.S.C.

4

§ 1983. (MSJ at 1-2.)

Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999). Section 1983 reaches only those injuries caused by persons acting under color of state law. *Dahl v. Akin*, 630 F.2d 277, 281 (5th Cir. 1980).

## IV. INJUNCTIVE RELIEF

Defendants Bowers and Holbrook move for summary judgment on Plaintiff's claims against them for injunctive relief on the basis that such claims are moot. The Court previously found that any claim of prospective injunctive relief was rendered moot by Plaintiff's transfer from the Dallas County Jail. *See Shockley v. Univ. of Tex. Med. Branch*, No. 3:06-CV-0223-K, 2007 WL 2948346, at *4 (N.D. Tex. Oct. 9, 2007) (order of District Court adopting findings, conclusions, and recommendation). Plaintiff's claims for injunctive relief against Defendants Holbrook and Bowers are therefore moot, and summary judgment should be granted in their favor on that basis.

## V. ELEVENTH AMENDMENT IMMUNITY

Defendants Bowers and Holbrook also seek summary judgment on Plaintiff's official capacity claims against them on grounds that the Eleventh Amendment shields them from liability.

The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United

States by Citizens of another State, or by Citizens or Subjects of any Foreign State." "This withdrawal of jurisdiction effectively confers an immunity from suit." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). Stated simply, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Eleventh Amendment immunity extends to suits for monetary damages against state officials in their official capacity. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 609 n.10 (2001). Although Congress has the power to abrogate that immunity through the Fourteenth Amendment, *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72-76 (2000), and the State may waive its immunity by consenting to suit, *AT&T Commc'ns v. BellSouth Telecomm. Inc.*, 238 F.3d 636, 643 (5th Cir. 2001), the State has not waived its immunity by consenting to suit nor has Congress abrogated the Eleventh Amendment immunity by enacting 42 U.S.C. § 1983, *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Plaintiff sues Defendants Bowers and Holbrook in their official capacities as employees of UTMB. (*See* Compl. at 1.) It is undisputed that they are employees of UTMB. UTMB, as an arm of the State of Texas, is protected by sovereign immunity under the Eleventh Amendment. *See United States v. Tex. Tech Univ.*, 171 F.3d 279, 289 (5th Cir. 1999) (holding that the Eleventh Amendment protects Texas Tech University and its medical branch); *Miller v. Bunce*, 60 F. Supp. 2d 620, 624 (S.D. Tex. 1999) (holding that University of Texas is protected by Eleventh Amendment). As employees of a state agency protected by Eleventh Amendment immunity, Defendants Bowers and Holbrook are likewise shielded from Plaintiff's claims for monetary damages. *See Segura v. Tex. Dep't of Human Servs.*, No. 00-02290-G, 2001 WL 681748, at *7

6

(W.D. Tex. Feb. 14, 2001) (holding that individually named defendants sued in their official capacities were protected by Eleventh Amendment immunity because the record established they were employees of a state agency). Although the Supreme Court has permitted suits against state officials for prospective injunctive relief, *see Ex parte Young*, 209 U.S. 123 (1908), Plaintiff's claims for prospective injunctive relief were rendered moot by his transfer from the Dallas County Jail. *Ex Parte Young* thus provides no relevant exception to Eleventh Amendment immunity accorded Defendants Bowers and Holbrook. Consequently, Plaintiff may not pursue his official capacity claims against Defendants Bowers and Holbrook.

For all of these reasons, Defendants Bowers and Holbrook's motion for summary judgment should be granted with respect to Plaintiff's official capacity claims against them.

## VI. QUALIFIED IMMUNITY

Defendants Bowers and Judd seek summary judgment on the basis that the claims asserted against them in their individual capacities are barred by qualified immunity.

**A.** *Legal Standard*

A governmental employee who is sued individually for a constitutional violation pursuant to § 1983 may assert the affirmative defense of qualified immunity.[2] *White v. Taylor*, 959 F.2d 539, 544 (5th Cir. 1992). Qualified immunity protects government officials performing discretionary functions from suit and liability for civil damages to the extent their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.[3]

---

[2] Municipalities and officers sued in their official capacity do not enjoy immunity from suit, either absolute or qualified, under § 1983. *Kentucky v. Graham*, 473 U.S. 159, 167 (1985); *Burge v. Parish of St. Tammany*, 187 F.3d 452, 476 (5th Cir. 1999).

[3] Because an official is entitled to immunity from suit, not merely from liability, immunity questions should be resolved at the earliest possible stage in the litigation. *See Hunter v. Bryant*, 502 U.S. 224, 227 (1991).

*Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The doctrine protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

The threshold question to a determination of whether Defendants are entitled to qualified immunity is whether, taken in the light most favorable to the Plaintiff, the facts alleged show a violation of a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 200 (2001). The Court need inquire no further if no constitutional right would have been violated based on the facts alleged by Plaintiff and taken in the light most favorable to him. *Id.* at 201. If the Court can find a constitutional violation under the favorable view of the submissions, the next sequential step is to determine whether the violated constitutional right was clearly established within the specific context of the case. *Id.* "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 202. Whether the conduct of which the plaintiff complains violated clearly established law is essentially a legal question. *White*, 959 F.3d at 544.

The plaintiff has the burden to show the inapplicability of an asserted qualified immunity defense. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) (per curiam). To satisfy that burden, the plaintiff must present specific facts to defeat the claimed immunity. *Nunez v. Simms*, 341 F.3d 385, 388 (5th Cir. 2003); *Wicks v. Miss. State Employment Servs.*, 41 F.3d 991, 995 (5th Cir. 1995).

**B.**   ***Medical and Psychiatric Claims***

Defendants Bowers and Judd move for summary judgment on Plaintiff's claims that they are individually responsible for failing to provide adequate medical or psychiatric care. They argue that Plaintiff has not shown a violation of the Eighth Amendment because (1) Plaintiff has not carried

his burden to show deliberate indifference and (2) the medical record reflects that they were not deliberately indifferent to Plaintiff's medical or psychiatric needs. Bowers also argues that he had no personal involvement in Plaintiff's treatment and that Plaintiff cannot succeed on a claim of vicarious liability based upon his role as supervisor.

Because Plaintiff's claims pertain to his status as a pretrial detainee, his constitutional rights related to conditions of confinement arise from "the procedural and substantive due process guarantees of the Fourteenth Amendment", not the Eighth Amendment as asserted by Defendants Bowers and Judd. *See Hare v. City of Corinth,* 74 F.3d 633, 639 (5th Cir. 1996) (en banc) (recognizing differences between alleged violations of the Eighth and Fourteenth Amendments). The Due Process Clause precludes the state from punishing a detainee who has not been adjudicated guilty. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Therefore, "[a] pretrial detainee's due process rights are said to be as least as great as the Eighth Amendment protections available to a convicted prisoner." *Hare*, 74 F.3d at 639 (internal quotations and citations omitted). Liability for alleged violations of a detainee's rights by state officials can be premised on two theories of recovery: (1) that the conditions of confinement violated the detainee's rights or (2) that episodic acts or omissions of the officials violated the detainee's rights. *Scott v. Moore*, 114 F.3d 51, 53 (5th Cir. 1997) (en banc).

Here, Plaintiff specifically alleges that Defendant Bowers failed to provide medical care related to injuries sustained prior to his arrival at the Dallas County Jail and that Defendant Judd failed to provide adequate psychiatric care. These specific complaints do not attack rules or conditions of the Dallas County Jail, but rather concern the acts or omissions of an individual to render him proper medical care. Thus, these claims should be analyzed under the "episodic act or omission" standard. *Stevenson v. Anderson*, No. 3:00-CV-2157-M, 2002 WL 432889, at *3 n.8 (N.D.

9

Tex. Mar. 18, 2002) (holding that a claim that defendants denied him medical care was an "episodic" claim while claim that he was denied sanitary showers was a "jail condition" claim).

Under such standard, a jail official cannot be held liable "unless the official had subjective knowledge of a substantial risk of serious harm to a pretrial detainee but responded with deliberate indifference to that risk." *Hare*, 74 F.3d at 650. In other words, the detainee must establish that the official(s) acted with subjective deliberate indifference as established in *Farmer v. Brennan*, 511 U.S. 825 (1994). *Flores v. County of Hardeman, Tex.* 124 F.3d 736, 738 (5th Cir. 1997). Consequently, although Defendants analyzed Plaintiff's alleged constitutional claims under the Eighth Amendment instead of the Fourteenth Amendment, they properly asserted the deliberate indifference standard.

1.  *Bowers*

Bowers seeks summary judgment because Plaintiff has not carried his burden to show deliberate indifference and the medical record reflects that he was not deliberately indifferent to Plaintiff's medical needs. He contends that he had no personal involvement in Plaintiff's treatment and his role as supervisor provides no basis for a claim of vicarious liability.

a.  **Personal Involvement**

Denying or delaying access to medical care can constitute deliberate indifference to the medical needs of an inmate, as can interfering with treatment once prescribed. *See*, *e.g.*, *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). To establish deliberate indifference, the plaintiff must show that a prison official knew that the plaintiff "face[d] a substantial risk of serious harm and disregard[ed] that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511

U.S. 825, 847 (1994). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

In addition, there must be some showing of personal involvement by a particular individual defendant to prevail against such individual. *Champagne v. Jefferson Parish Sheriff's Office,* 188 F.3d 312, 314 (5th Cir. 1999); *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983). "In order to state a cause of action under section 1983, the plaintiff must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995).

> A causal connection may be established, for section 1983 purposes, where the constitutional deprivation and practices occur as a result of the implementation of the [official's] affirmative wrongful policies by his subordinates, or where the [official] wrongfully breaches an affirmative duty specially imposed upon him by state law, and as a result thereof, the complained of constitutional tort occurs.

*Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983) (citations omitted).

Here, Defendants provide medical records to show that Bowers was not Plaintiff's treating physician, and that Plaintiff was seen and treated by various other medical personnel during his detention in Dallas County Jail and would occasionally refuse treatment. (*See* App., Ex. A, at 3-6, 50, 58-60, 65, 68-73, 92, 106-10.) While Bowers concedes that he received a letter from Plaintiff regarding his medical condition, the record reflects that he responded by passing along the information to other medical personnel at the Jail and leaving treatment options to their discretion. (*See id.* at 112.) Furthermore, after receiving a prison grievance from Plaintiff regarding his medical care, Bowers directed other medical personnel to evaluate Plaintiff and report his status to Bowers. (*See id.* at 115.) Plaintiff points to no evidence of record to show that any act or omission by

Bowers violated his constitutional rights under the Fourteenth Amendment or that he responded with deliberate indifference to a substantial risk of serious harm to Plaintiff.

### b. Supervisory Liability

To prevail against a supervisor under § 1983, the plaintiff must show that (1) the supervisor's conduct directly caused a constitutional violation, or (2) the supervisor was "deliberately indifferent" to a violation of a constitutional right.[4] *Breaux v. City of Garland,* 205 F.3d 150, 161 (5th Cir. 2000).

In this instance, although Bowers had some personal knowledge of Plaintiff's medical condition and complaints about inadequate treatment, again, Plaintiff points to no evidence of record to show that any act or omission by Bowers violated his constitutional rights under the Fourteenth Amendment or responded with deliberate indifference to a substantial risk of serious harm.

In conclusion, Plaintiff has brought forth no evidence to create a genuine issue of material fact regarding the existence of a constitutional violation by Bowers. Consequently, Bowers is entitled to qualified immunity against the episodic medical claim asserted against him in his individual capacity, and his motion for summary judgment granted to that extent.

### 2. *Judd*

Judd seeks summary judgment because Plaintiff has not carried his burden to show deliberate indifference, and the medical record reflects that she was not deliberately indifferent to his psychiatric needs. Defendants provide (1) medical records to show that Judd evaluated Plaintiff at

---

[4] It is well established that § 1983 provides no means to hold "supervisory officials . . . liable for the actions of subordinates on any theory of vicarious liability." *Thompson v. Upshur County,* 245 F.3d 447, 459 (5th Cir. 2001) (quoting *Thompkins v. Belt,* 828 F.2d 298, 303 (5th Cir. 1987)); *accord Champagne v. Jefferson Parish Sheriff's Office,* 188 F.3d 312, 314 (5th Cir. 1999) (per curiam) (holding that the acts of a subordinate "trigger no individual § 1983 liability").

least four times; (2) an affidavit from Bobby Vincent M.D. that outlines the chronology of psychiatric care Plaintiff received and concludes that Plaintiff received adequate psychiatric care; and (3) a medical record to show that although Plaintiff may have briefly gone without psychiatric medication in early December 2005, the medication was promptly reinstated when Plaintiff brought the matter to the attention of medical personnel. (*See* Ex. A at 90, 172, 176, 183-84; Ex. B at 259-61.)

Plaintiff submits no evidence to support his claim that Judd failed to provide adequate psychiatric treatment or acted with deliberate indifference to his psychiatric condition, but merely relies on conclusory and unsupported statements in his complaint. "Conclusory statements are not competent evidence to defeat summary judgment." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 345 (5th Cir. 2007). Plaintiff has failed to bring forth evidence raising any genuine issue of material fact on his claim that Judd violated his constitutional rights by failing to treat his psychiatric condition. Consequently, Judd is entitled to qualified immunity against the episodic claims asserted against her in her individual capacity, and the motion for summary judgment granted to that extent.[5]

## VII. RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that *Defendants UTMB, Bowers, Holbrook, and Judd's Motion for Summary Judgment* (doc. 75) be **GRANTED**. Because there are no claims remaining against Defendants Bowers, Holbrook, and Judd, the Court should dismiss them from this action.

---

[5] As noted by Defendants, Plaintiff has failed to allege any physical injury resulting from the alleged denial of adequate psychiatric treatment. Because his claims for injunctive relief are moot, only claims for monetary damages remain in this action. Such damages are not available in any federal civil action brought by a prisoner without a showing of a physical injury. *See* 42 U.S.C. § 1997e(e); *Geiger v. Jowers*, 404 F.3d 371, 374-75 (5th Cir. 2005); *Jones v. Greninger*, 188 F.3d 322, 326 n.3 (5th Cir. 1999).

**SO RECOMMENDED** on this 30th day of April, 2008.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings, legal conclusions, and recommendation of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE