IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN DAVID SHOCKLEY, § | | |
| Plaintiff, § | | |
| § | Civil Action No. 3:06-CV-0223-K | |
| v. § | | |
| § | | |
| UNIVERSITY OF TEXAS MEDICAL § | | |
| BRANCH, et al., § | | |
| Defendants. § | Pretrial Management | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to Special Order No. 3-251, the District Court referred this case for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations to the District Court on dispositive motions. On its own motion after notice to Plaintiff, the Court considers whether this action should be dismissed as it pertains to Defendant Kathy Finch ("Finch") for the failure to timely serve her in accordance with Fed. R. Civ. P. 4(m). Based on the relevant filings and applicable law, the Court **RECOMMENDS** that the Court **DISMISS** this action without prejudice as it pertains to Finch.

**I. BACKGROUND**

On or about February 3, 2006, Plaintiff filed the instant *pro se* action against various defendants, including Finch. The Court thereafter granted him permission to proceed with this action *in forma pauperis* ("IFP"). On January 12, 2007, the Court extended the time for service contemplated by Fed. R. Civ. P. 4(m), and ordered the United States Marshal ("USM") to effectuate service upon each named defendant within thirty days. On May 4, 2007, the USM filed a return of service as to Finch indicating that the summons was returned unexecuted because she was "no longer employed [at the Dallas County Jail], no forwarding address, [and] no info available to locate."

Because Plaintiff provided the Court with the last known address for Finch and because he is a prisoner proceeding IFP who cannot obtain her residence address, the Court *sua sponte* ordered the other named defendants to provide a forwarding address for Finch under seal on September 26, 2007. After receiving a new address for Finch, the Court again extended the time for service, and on October, 15, 2007, directed the USM to serve her within thirty days. On January 28, 2008, the USM filed a return of service under seal indicating that the summons for Finch was returned unexecuted because it had made three unsuccessful attempts to serve process: (1) November 8, 2007, at 4:03 p.m.; (2) November 9, 2007, at 8:47 a.m.; and (3) November 20, 2007, at 1:05 p.m.

On May 22, 2008, the Court *sua sponte* directed Plaintiff to show good cause in writing for the failure to serve Finch. (*See* Order to Show Cause.) Because Plaintiff had taken no action regarding the failure to serve Finch, the Court specifically informed him that "he may not merely rely upon his entitlement to service of process by the [Marshal]." (*Id.* (citing *Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 446-47 (5th Cir. 1996); *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987))). In response, Plaintiff states that he is a convicted felon who is currently incarcerated in prison and proceeds *pro se* in this action. (*See* Resp. to Ord. Show Cause at 1.) He suggests that the USM has not sufficiently tried to serve Finch and that it can locate her "at work during work hours and at home."[1]

## II. FAILURE TO SERVE

Rule 4(m) of the Federal Rules of Civil Procedure grants the courts discretion to *sua sponte* dismiss an action without prejudice, after notice to the plaintiff, for failure to serve the defendant

---

[1] Plaintiff also states that he needs the USM to serve Finch so that she can give expert witness testimony regarding the deliberate indifference that occurred at the Dallas County Jail. (Resp. to Order Show Cause at 2.) This statement raises a question regarding whether Plaintiff actually wants Finch served as a defendant or as a witness. It clearly does not constitute good cause related to service of process on her.

2

with process within 120 days of the filing of the complaint. Despite such discretion, Rule 4(m) requires the courts to "extend the time for service for an appropriate period" upon a showing of good cause by the plaintiff. *See also Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (burden of showing good cause for such extension is on plaintiff). "What amounts to 'good cause' under any particular set of circumstances is necessarily fact-sensitive." *Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 446 (5th Cir. 1996). At a minimum, "the plaintiff must demonstrate . . . as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Id.* (quoting *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993)). Of course, courts retain discretion to extend the time for service even in the absence of good cause. *See Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

In this case, it is clear that Finch has not been served within 120 days of the filing of the complaint. Accordingly, the Court must consider whether Plaintiff has demonstrated good cause for the failure.

**A. <u>Special Procedure for Service in IFP Cases</u>**

When a plaintiff proceeds IFP, "[s]pecial rules govern the procedure for service of process." *Lindsey*, 101 F.3d at 446. After an IFP plaintiff takes "reasonable steps to identify the defendant(s)", the courts issue process and direct the United States Marshal to serve defendants. *Id.* An "inmate need furnish 'no more than the information necessary to identify the defendant.'" *Antonelli v. Sheahan*, 81 F.3d 1422, 1426 (7th Cir. 1996) (quoting *Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990)). The USM must use due diligence in serving defendants on behalf of an IFP plaintiff, and if a provided business address is insufficient for service upon a prison employee, due diligence requires the USM to search for "personal addresses for the defendants and serve the

3

individuals at those addresses." *Ellibee v. Leonard*, 226 Fed. App'x 351, 359 (5th Cir. 2007) (per curiam). In other words, the USM must make "reasonable efforts" to obtain new addresses for defendants who worked in the prison system during the time-period relevant to the litigation, but who have subsequently changed jobs. *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (cited with approval in *Walker v. Navarro County Jail*, No. 3:91-CV-1690-D, 1997 WL 42523, at *2-3 (N.D. Tex. Jan. 24, 1997)).

In the IFP context, good cause essentially boils down to whether the failure to properly serve the defendants is attributable to dilatoriness or fault of the plaintiff or whether fault lies elsewhere. *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). IFP plaintiffs are "entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshal's Service to properly effect service of process, where such failure is through no fault of the litigant." *Id.* When the USM "fails to serve a properly addressed summons to a defendant," good cause generally exists for extending the time for service. *See Cornish v. Tex. Bd. of Crim. Justice Office of the Inspector Gen.*, 141 Fed. App'x 298, 301 (5th Cir. 2005); *cf. Lindsey*, 101 F.3d at 447 (good cause may exist when the "failure to properly serve a defendant is attributable to government personnel who have improperly performed their duties").

In this case, Plaintiff appears to allege that the USM failed to exercise due diligence in serving Finch. The first return merely shows that Finch had left employment at the Dallas County Jail without leaving a forwarding address, and that the USM allegedly had no available information to locate her. Although due diligence requires a search for Finch's personal address due to her changed employment status, *see Ellibee*, 226 Fed. App'x at 359, the return does not indicate that the USM undertook such a search. With respect to the second return of service, the USM attempted to

4

serve Finch at her home three times during business hours. No alternative attempt to serve Finch was made. Nevertheless, the Court need not determine whether the USM failed to exercise due diligence in this case. A finding that the USM failed to exercise due diligence does not automatically end the inquiry or dictate a finding of good cause. *See Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 447 (5th Cir. 1996) (recognizing that "dilatoriness or fault" of the plaintiff impacts good cause and whether a failure to serve is attributable to government personnel).

## B. Inaction by Plaintiff

While reasonable reliance on the USM is warranted, "a plaintiff may not remain silent and do nothing to effectuate such service. At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge." *Rochon*, 828 F.2d at 1110;[2] *accord Ellibee*, 226 Fed. App'x at 358 (once an IFP plaintiff "is aware of possible defects in service of process, he must attempt to remedy them"). For example, good cause is not shown when the plaintiff does nothing after the court notes in ruling on a pre-trial motion that one defendant had not been served. *See Lindsey*, 101 F.3d at 446-47. When an IFP plaintiff does nothing for a few months after learning that a defendant had not been served, a court may properly find the plaintiff dilatory and at fault for insufficient service. *Rochon*, 828 F.2d at 1110; *see also VanDiver v. Martin*, 304 F. Supp. 2d 934, 943 (E.D. Mich. 2004) (inaction by plaintiff "supercedes any neglect on behalf of the government agency").

In this case, after the first unexecuted return of service was filed on May 4, 2007, the service matter laid idle for nearly five months before the Court *sua sponte* sought Finch's personal address

---

[2] While recognizing that "*Rochon* did not involve the good cause provision of Rule 4," *Lindsey* found the case "illustrative" and its holding consistent "with the view . . . that good cause is shown when in forma pauperis plaintiffs' failure to properly serve a defendant is attributable to government personnel who have improperly performed their duties." *See* 101 F.3d at 447.

5

on September 26, 2007. While the Court's second order to serve provided Plaintiff notice that the USM should have served Finch at the new address by November 14, 2007, there was no relevant action by Plaintiff until he responded to the order to show good cause on June 2, 2008. Ultimately, it is Plaintiff's inaction and lack of diligence that should be faulted for the failure to serve Finch. In such cases, a dismissal for failure to prosecute does not penalize the plaintiff "for the failure of the U.S. Marshals and the clerk of the court to effect service . . . but instead because of inaction and dilatoriness on his part." *Rochon*, 828 F.2d at 1110.

In conclusion, Plaintiff has shown no good cause for the failure to serve Finch or to further extend the time for serving her,[3] and dismissal under Rule 4(m) is appropriate.

### III. RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that all claims and causes of action asserted against Defendant Kathy Finch be **DISMISSED** without prejudice.

**SO RECOMMENDED** on this 8th day of August, 2008.

/s/ Irma Carrillo Ramirez
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[3] Notably, Plaintiff has identified Finch as a UTMB employee in his complaint, and the claims against the other UTMB defendants in their individual and official capacities have been dismissed. Plaintiff also indicates in his response to the show cause order that he wants Finch served as some sort of expert witness; it is therefore unclear whether he seeks to sue her or merely subpoena her as a witness.

6

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings, legal conclusions, and recommendation of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE