IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN DAVID SHOCKLEY, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | Civil Action No. 3:06-CV-0223-K |
| § | | |
| UNIVERSITY OF TEXAS MEDICAL § | | |
| BRANCH, et al., § | | |
| Defendants. § | | Pretrial Management |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to Special Order No. 3-251, the District Court referred this case for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations to the District Court on dispositive motions. Before the Court is *Defendants Valdez and McMillan's Motion for Summary Judgment* (hereinafter "MSJ") filed on December 23, 2008, and *Plaintiff Shockley's Motion to Dismiss Defendants [sic] Motion for Summary Judgment* [hereinafter "Pl.'s Mot."][1] received on January 27, 2009.

Based on the relevant filings and applicable law, the Court recommends that Defendants' motion for summary judgment be **GRANTED** and that Plaintiff's motion be **DENIED**.

**I. BACKGROUND**[2]

Plaintiff John David Shockley ("Plaintiff"), a former inmate in the Dallas County Jail ("the Jail") and current inmate in the Texas prison system, filed this suit against Lupe Valdez ("Valdez") and Edgar McMillan ("McMillan") (collectively "Defendants" or "Dallas County Defendants") for alleged unsanitary and unsafe conditions caused by inadequate staffing and training at the Jail, and

---

[1] Although Plaintiff characterizes the filing as a motion, it is essentially his response to Defendants' motion for summary judgment. To the extent it constitutes a motion, the Court addresses it in Part II of these findings.

[2] The Court only sets out the background relevant to the motions and defendants currently before it.

denial of adequate psychiatric and medical care while he was housed in the Jail as a pretrial detainee. (Compl. at 1-15.) He sues Defendants in their official capacities. (*Id.* at 1.)

On October 20, 2005, Plaintiff was arrested and booked into the Jail on a burglary charge. (*See* App. Supp. Defs.' MSJ at 230, hereinafter simply referred to as "Defs.' App.") At that time, Plaintiff reported a problem with his foot and wrist. (*Id.*) The book-in sheet was stamped "SEE NURSE" and "INFIRMARY". (*Id.*) Plaintiff was incarcerated at the Jail from October 20, 2005, until his release to the Texas Department of Corrections on October 11, 2006. (*Id.* at 214-15; 231-32.) Defendants have submitted medical records that detail Plaintiff's medical treatment at the Jail and Parkland Memorial Hospital (Parkland). (*See* Ex. 2 to App.)

In his complaint, filed on February 3, 2006, Plaintiff alleges generally that Defendants have violated his rights under the Due Process Clause of the Fourteenth Amendment by reacting with deliberate indifference to unsanitary and unsafe conditions caused by a shortage of staff. (*See* Compl. at 13.) He specifically alleges that Defendants have (1) failed to implement an adequate sanitation policy at the Jail to control widespread unsanitary conditions, and (2) failed to adequately hire and train jail personnel, which forced him to live in unsafe and unsanitary conditions. (*Id.* at 5, 7, 11.) In addition, he specifically alleges that Valdez has also (1) failed to implement an adequate policy to request medical, psychiatric, and safety care, and (2) failed to take reasonable measures to treat his injuries. (*Id.* at 5, 7.) He asserts that Valdez is responsible for conditions and operations at the Jail and that she is the final policy maker for Dallas County. (*Id.* at 3.)

The Court granted him permission to proceed with this action *in forma pauperis* ("IFP") on June 29, 2006. (*See* Filing Fee Order, doc. 15.) After the Court granted summary judgment for Defendants on the § 1983 claims asserted against them in their individual capacities (*see* Order, doc.

2

97), Defendants filed an amended answer to assert defenses to the claims asserted against them in their official capacities (*see* Am. Answer, doc. 110). On December 23, 2008, Defendants timely filed the instant motion for summary judgment seeking dismissal of Plaintiff's claims against them in their official capacities. (MSJ at 1.) On or about January 27, 2009, Plaintiff filed his motion to dismiss to respond to the MSJ.[3] (Pl.'s Mot. at 1-11.) Through correspondence to the Court, Defendants indicate that they have no intent to file a reply (*see* doc. 125), and the issues are now ripe for decision.

## II. ANALYSIS

Defendants move for summary judgment on Plaintiff's official capacity claims that they violated his constitutional rights while he was a pretrial detainee in the Dallas County Jail in violation of 42 U.S.C. § 1983. (Brief Supp. MSJ at 3-20.)

### A. **Summary Judgment Standard**

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id*. The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The pleadings,

---

[3] Neither the Federal Rules of Civil Procedure nor the local rules of this Court provide a mechanism for "dismissing" an opponent's motion. Although the rules provide a basis to strike inappropriate filings, Plaintiff provides no basis to strike the MSJ currently before the Court. For these reasons, the Court should **DENY** Plaintiff's motion to dismiss to the extent it indeed constitutes a motion.

discovery and disclosure materials on file, and affidavits, if any, must demonstrate that no genuine issue of material fact exists. Fed. R. Civ. P. 56(c).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324. To carry this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his favor. *Anderson*, 477 U.S. at 249.

While all of the evidence must be viewed in a light most favorable to the motion's opponent, *id*. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions will satisfy the non-movant's summary judgment burden, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to his case and as to which he will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

Generally, the courts liberally construe the pleadings of a *pro se* plaintiff. *See*, *e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir.1981); *Martin v. United States Post Office*, 752 F. Supp. 213, 218 (N.D. Tex. 1990). However, the courts have no obligation under Fed. R. Civ. P. 56 "to sift through the record in search of evidence to support a party's opposition to summary judgment." *Adams v. Travelers Indem. Co.*, 465

F.3d 156, 164 (5th Cir. 2006) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)). Instead, a party opposing summary judgment must "identify specific evidence in the record" that supports the challenged claims and "articulate the precise manner in which that evidence supports [a challenged] claim." *Ragas*, 136 F.3d at 458 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)).

**B.      42 U.S.C. § 1983**

Defendants seek summary judgment based on Plaintiff's alleged failure to exhaust his prison remedies. (MSJ at 3; Brief Supp. MSJ at 3-4.)

Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999). Section 1983 reaches only those injuries caused by persons acting under color of state law. *Dahl v. Akin*, 630 F.2d 277, 281 (5th Cir. 1980).

"No action shall be brought with respect to prison conditions under § 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a), as amended by the Prison Litigation Reform Act of 1996 ("PLRA"). This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532

5

(2002). Exhaustion under the PLRA is mandatory, and the requirement is strictly construed. *See Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003) (per curiam);[4] *Garrett v. Partin*, 248 Fed. App'x 585, 586 (5th Cir. 2007) (per curiam). Exhaustion is a prerequisite to suit even when the prisoner seeks relief not available in grievance proceedings such as money damages. *See Booth v. Churner*, 532 U.S. 731, 740-41 (2001).

Failure to exhaust administrative remedies under the PLRA is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216 ( 2007); *Carbe v. Lappin*, 492 F.3d 325, 327 (5th Cir. 2007). Defendants therefore have the burden on summary judgment to establish that Plaintiff did not make use of the available administrative remedies at the Jail. *See Crescent Towing & Salvage Co., Inc. v. M/V Anax*, 40 F.3d 741, 744 (5th Cir. 1994) (affirmative defense requires the movant on summary judgment to establish each element of defense as a matter of law) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)); *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (where the movant bears the burden of proof on an issue, he must establish all of the essential elements of a claim to warrant judgment in his favor).

The parties do not dispute the administrative procedures that an inmate in the Dallas County Jail must follow in order to exhaust in accordance with § 1997e(a):

> The Dallas County Jail currently provides a two-step procedure for presenting inmate grievances. The first step requires the prisoner to submit a grievance to any staff member. After noting the date and time the grievance is received, the staff member will forward the grievance to the on-duty shift supervisor, who will in turn forward it to the Grievance Board for review. After review and an investigation, if necessary,

---

[4] The Court recognizes that *Days* was overruled by implication by *Jones v. Bock*, 549 U.S. 199 (2007). *See Gordon v. Pettiford*, 271 Fed. App'x 464, 464 (5th Cir. 2008) (per curiam) (noting such overruling). The Fifth Circuit has likewise recognized that *Jones* implicitly overruled *Wendell v. Asher*, 162 F.3d 887 (5th Cir. 1998). *See Richbourg v. Horton*, No. 08-10443, 2008 WL 5068680, at *1 (5th Cir. Dec. 2, 2008) (per curiam). As recognized respectively in *Gordon* and *Richbourgh*, both *Days* and *Wendall* remain good law to the extent *Jones* did not implicitly overrule them. This Court cites no case for any proposition that has been implicitly overruled by *Jones*.

> the Grievance Board will issue a written decision. Upon receiving the written decision, the inmate will have five days to submit a written appeal to the Inmate Grievance Appeal Board. The Appeal Board will review all documents submitted in connection with the appeal and issue a decision, which may be reviewed by the Sheriff.

*See Medrano v. Dallas County Jail Med. Staff*, No. 3:04-CV-1913-M, 2005 WL 106573, *2 (N.D. Tex. Jan. 18, 2005) (recommendation of Mag. J. citing *Burnett v. Robertson*, No. 3-01-CV-1284-P, 2001 WL 1577495, *2 (N.D. Tex. 2001)), *accepted as modified by* 2005 WL 877925 (N.D. Tex. Apr. 14, 2005). (*Accord* Defs.' App. at 224-29 (setting out Jail's grievance procedure).) When the prison provides a two-step procedure, an inmate must pursue his grievance at both steps in order to exhaust his administrative remedies. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004) (addressing two-step procedure in the Texas prison system rather than at a county jail).

Defendants assert that although Plaintiff filed several grievances, he appealed no grievance relating to the allegations of his complaint through the second step of the grievance process. (MSJ at 8-9.) In support of this assertion they point to an absence of any relevant step 2 grievances in the administrative record. (*Id.* at 9 (citing to Plaintiff's grievances found in Ex. 1 to Defs.' App. and to the Jail's records found in Ex. 3 to Defs.' App.).) By pointing the Court to the absence of such grievances, Defendants met their initial summary judgment burden to show there is no genuine issue of material fact that Plaintiff failed to exhaust his administrative remedies. *See Celotex Corp.*, 477 U.S. at 323-25.

The burden now shifts to Plaintiff to direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Id.* at 324. Although he has filed what the Court has construed as a response to the Defendants' MSJ, Plaintiff neither attempts to show exhaustion nor excuse his failure to exhaust.

When a prisoner fails to exhaust his administrative remedies prior to filing suit, without a valid excuse, the Court properly dismisses the action without prejudice to its refiling after the prisoner exhausts his administrative remedies. *See Wendell v. Asher*, 162 F.3d 887, 890-91 (5th Cir. 1998); *Gordon v. Pettiford*, 271 Fed. App'x 464, 464 (5th Cir. 2008) (per curiam). The Court does not "inquire whether administrative procedures satisfy minimum acceptable standards of fairness and effectiveness"; prisoners simply "must exhaust such administrative remedies as are available, whatever they may be." *Alexander v. Tippah County*, 351 F.3d 626, 630 (5th Cir. 2003) (citations and internal quotation marks omitted). Furthermore, substantial compliance with administrative procedures is insufficient to permit pursuit of a federal lawsuit. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). Unless the prisoner pursues his "grievance remedy to conclusion", he has not exhausted "available remedies." *Id.*

Because Plaintiff has not met his summary judgment burden, the Court should grant the Defendants' motion as to Plaintiff's federal claims against Defendants in their official capacities, and should dismiss these claims without prejudice to their refiling after exhaustion.

**C.      State Law Claims**

Defendants also urge the Court to decline to exercise pendent jurisdiction over "any state law claims", and seek dismissal of such claims upon dismissal of Plaintiff's federal claims. (MSJ at 4; Brief Supp. MSJ at 21.)

Federal courts may exercise supplemental jurisdiction over pendent state claims. 28 U.S.C. § 1367. Whether to exercise such jurisdiction after dismissing the underlying federal claims is a matter left to the sound discretion of the Court. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *Heaton v. Monogram Credit Card Bank*, 231 F.3d 994, 997 (5th Cir. 2000). When

8

the Court dismisses the federal claims at a preliminary stage of litigation, judicial economy argues against the exercise of pendent or supplemental jurisdiction over state claims. *See LaPorte Constr. Co. v. Bayshore Nat'l Bank*, 805 F.2d 1254, 1257 (5th Cir. 1986).

In this case, although Plaintiff contends that § 1367 provides a jurisdictional basis in this Court for his claims based on state law, (Compl. at 3), he has not identified any claim based on state law. Each of his three counts against the various defendants allege deliberate indifference, (*see id.* at 13), a common element for alleged constitutional violations under 42 U.S.C. § 1983. The closest he comes to identifying a state claim is when he asserts in his motion that "the inmate per guard ratio was negligent and out of compliance with jail policy [and] state, federal law." (*See* Pl's Mot. at 2.) This is insufficient to amend his complaint to assert state claims. Because Plaintiff's complaint does not assert any state law claims, the Court need not consider whether it should exercise supplemental jurisdiction in this action.

### III. RECOMMENDATION

*Defendants Valdez and McMillan's Motion for Summary Judgment*, filed on December 23, 2008, should be **GRANTED** as to Plaintiff's claims against Defendants in their official capacities, and these claims should be dismissed without prejudice. *Plaintiff Shockley's Motion to Dismiss Defendants [sic] Motion for Summary Judgment,* received on January 27, 2009, should be **DENIED**.

**SO RECOMMENDED** on this 12th day of February, 2009.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

9

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings, legal conclusions, and recommendation of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE